In re Proceedings to Open Sixth Street; KANSAS CITY v. MAX MORRIS et al., Appellants.

In Banc, December 19, 1918.

1. **INSTRUCTION: Expert Testimony: To Disregard Testimony.** An instruction, in a street condemnation case, which tells the jury that "in estimating the value and damages to property, they may act entirely upon their own knowledge and judgment and may disregard the testimony of all or any of the witnesses," is erroneous. While the only effect of expert testimony is informatory and advisory it is competent for that purpose, and cannot be disregarded until first considered and weighed, and its credibility tested by the jury's own personal knowledge and experience and a comparison of all other evidence of a contrary import.

2. ———: ———: ———: **Harmless: Cured by Inconsistent Instructions.** The rule warranting the curing of a fault in one instruction by language contained in another does not apply when they are inconsistent and both are given on the same side. The error in an instruction which tells the jury that they may estimate the value and damages to property "entirely" upon their own view and may "disregard the testimony of all or any of the witnesses" is not cured by another which tells them that they can only use their knowledge and judgment in connection with all the evidence in the case, when both are given on behalf of parties whose interests are hostile to those of appellants and there is evidence tending to show a substantially larger amount of damages caused by the appropriation of appellants' property than was awarded by the jury.

3. **DAMAGES: Street Condemnation: Removal of Goods: Loss of Business.** The owner is not entitled to damages for the removal of a stock of goods from the land condemned for street purposes to a new location, nor for depreciation in value caused by such removal and reinstallment, nor for injury to his business on account of interruption and cessation during removal. [Following St. Louis v. Railroad, 266 Mo. l. c. 701-707.]

4. ————: **Evidence: Removal of Goods.** Testimony of a defendant in a street condemnation proceeding as to the amount of damages he suffered from an interruption and cessation in his business and the removal of his stock of goods made necessary by the widening of the street, is not competent, because he is not entitled to damages for those things.

Appeal from Jackson Circuit Court.—*Hon. William O. Thomas,* Judge.

REVERSED AND REMANDED.

*Robert E. Rooney* for appellant, Max Morris.

(1) The court erred in giving instruction G-35. City of Kansas v. Hill, 80 Mo. 536; City of Kansas v. Baird, 98 Mo. 218; Hull v. City of St. Louis, 138 Mo. 618. (2) The award of the jury to this appellant is grossly inadequate, confiscatory and sweeps away a material part of his life's earnings. Met. St. Ry. Co. v. Walsh, 197 Mo. 420; In re Fordham Road, 74 N. J. App. 343.

*Frank F. Brumback* for appellant, John I. Glover.

(1) The court erred in refusing to give the instruction asked by this appellant to allow this appellant his proper measure of damages for his land taken, to his manifest injury, because it appears from the evidence that if the proper measure of damages had been applied this appellant would have recovered as the value of his property taken much more than the amount allowed by the jury. Charter of Kansas City, sec. 3, art. 6; Charter, sec. 7, art. 7; Jefferson City v. Wells, 263 Mo. 231.

*Cooper, Neel & Wright, J. W. Dana* for appellants,
T. M. James & Sons China Co.

(1)   The court erred in giving instruction G-38.
City of Kansas v. Hill, 80 Mo. 536; City of Kansas v.
Baird, 98 Mo. 218; Rosentreter v. Brady, 63 Mo. App.
403; Metropolitan Street Ry. Co. v. Walsh, 197 Mo. 421.
(2)   The court erred in giving instruction G-35.
Chicago, etc., Ry. Co. v. McGrew, 104 Mo. 291; Kansas
City, etc. Ry. Co. v. Dawley, 50 Mo. App. 487. (3) The
verdict should be set aside because there is no award
in favor of the owner of Tract 18, to-wit, T. M. James
& Sons China Company. Schmeltzer v. Furniture Co.,
252 Mo. 18; Adams v. Gassom, 228 Mo. 577; McCord,
Admr. v. McCord, 77 Mo. 166; R. S. 1909, sec. 2097.
(4)   The award of the jury to this appellant is grossly
inadequate, confiscatory and unreasonably low, for
which reasons a new trial should be granted. Grand
Rapids Co. v. Weiden, 38 N. W. (Mich.) 295; Adkins v.
Smith County Auditor, 64 N. W. (Ia.) 761; Lenhart v.
State, 77 N. Y. Supp. 398; In re Fordham Railroad, 77
N. Y. Supp. 567; In re Met. El. Ry. Co., 27 N. Y. Supp.
758; Metropolitan St. Ry. Co. v. Walsh, 197 Mo. 420.
(5)   The court erred in excluding the testimony of Mr.
J. C. James: (a)   As to the value of the use of the
building during the period necessary for interruption
by reason of having to move; (b) as to the cost of
moving the business, and (c) as to the necessary loss of
business by reason of having to move.   Constitution
of Missouri, art. 2, secs. 21, 30; U. S. Constitution, 5th
and 14th Amendments; Chicago Ry. Co. v. McGrew, 104
Mo. 282; St. Louis v. Abeln, 170 Mo. 326; Bridge Co. v.
Schaubacher, 57 Mo. 582; St. Louis v. Brown, 155 Mo.
545; Railroad v. Brick Co., 198 Mo. 698; Railroad v.
Second Street Imp. Co., 256 Mo. 386.

*E. M. Harber,* City Counselor, *J. C. Petherbridge,* Assistant City Counselor, for respondent, Kansas City.

(1)   The instructions complained of were not erroneous.   Kansas City v. Butterfield, 89 Mo. 646;   Restetsky v. Railroad, 106 Mo. App. 386;   St. Louis v. Ranken, 95 Mo. 189.   All of the instructions should be taken and considered as a whole, and the verdict sustained, if possible.   Pounds v. Coburn, 210 Mo. 115;   Brod v. Transit Co., 115 Mo. App. 214;   Rigsby v. Oil Co., 130 Mo. App. 137;   Clack v. Supply Co., 72 Mo. App. 506;   Senn v. Southern Ry. Co., 135 Mo. 512;   Dougherty v. Mo. Pac. Ry. Co., 97 Mo. 647.   If the qualification of the instruction complained of appears elsewhere in a form fairly bringing it to the attention of the jury as a modification of the other, the judgment will not, on that account, be reversed. Schroeder v. Michel, 98 Mo. 48.   Erroneous instructions may be corrected by supplying deficiences or omissions, if the appellate court is satisfied that the complaining party was not prejudiced thereby.   Chambers v. Chester, 172 Mo. 461;   Grace v. St. Louis R. R. Co., 156 Mo. 295;   Gamache v. Piquignot, 17 Mo. 310;   Holladay-Klotz Land & Lumber Co. v. Markham, 96 Mo. App. 51;   Haver v. Schwyhart, 48 Mo. App. 50.   An erroneous instruction is harmless where the verdict is right.   State ex rel. v. Stone, 111 Mo. App. 364;   Carr v. Railway, 195 Mo. 214;   Petersen v. Transit Co., 199 Mo. 331;   Coleman v. Reynolds, 207 Mo. 463.   (2)   There was no error in giving Instruction G-35.   See Instruction G-16 given at the request of Mr. James, covering his property.   The two are in perfect harmony.   Instruction G-35 was correct and has been apporved by this court.   St. Louis Ry. Co. v. Knapp-Stout Co., 160 Mo. 408;   St. Louis v. Buggy Co., 266 Mo. 704.   (3)   The award to appellants for their lands was all, and perhaps much more, than they could have gotten at a private sale.   In fact, property in this vicinity has been declining in

value for fifteen years, as shown by the evidence, and there is no market for it. (4) The evidence as to the value of the property taken or damaged was only advisory to the jury. The jury viewed and inspected the property and were in a better position than this court, or any witness, to determine the just compensation to be paid for it. It cannot be said that the verdict is contrary to their judgment after hearing the evidence and viewing the premises taken. (5) The court correctly instructed the jury as to the measure of damages. Ry. Co. v. Real Estate Co., 204 Mo. 565.

*Sebree, Conrad & Sebree* for respondent, J. Fred Butler.

(1) The court did not err in the giving of instruction G-38. (1) When said instruction is read as a whole the jury is clearly directed that they may act upon their own knowledge and judgment in connection with the evidence, and while the testimony of witnesses is advisory only, it is not binding or conclusive upon the jury, and they may, if the character of testimony warrants, disregard the same. Kansas City Charter, sec. 3, art. 6; St. Louis & St. Joe Ry. Co. v. Richardson, 45 Mo. 468; Hull v. City of St. Louis, 138 Mo. 618. (2) The instructions in the case when read as a whole show that the jury was not misled by any uncertainty in any individual instruction. Liese v. Meyer, 143 Mo. 560; Dutcher v. Railroad, 241 Mo. 172; Davidson v. Railroad, 164 Mo. App. 720. (3) Issues not affecting substantial rights should be disregarded. R. S. 1909, sec. 1850. (2) Instruction G-35 properly declares the law. Neither the peculiar value of property to the owners or claimants, nor the city's desire for the same determines the value of the property. Such is not the proper measure of damage. (3) The award of the jury as to the T. M. James & Sons China Company is not grossly inadequate and con-

fiscatory, but reasonable and proper, and it is without right in law to complain thereof. Perkins v. State, 113 N. Y. 660. The jury in this case was composed of freeholders, who, under the charter viewed and inspected the premises. Therefore, adjudications as to the adequacy of verdicts assessed by common-law juries are not applicable. The rule of law governing a freehold jury is that the verdict as to assessment of damages must not be disturbed unless the court is clearly satisfied that the jury erred in the principle upon which they have made their appraisal. St. Louis v. Lanigan, 97 Mo. 178; Ry. Co. v. Richardson, 45 Mo. 466; St. Louis v. Calhoun, 222 Mo. 55, 56; In re Metropolitan Elevated Ry. Co., 27 N. Y. S. 756. (4) The court did not err in excluding testimony of Tract 18 belonging to T. M. James & Sons China Company as to the value of the use of the buildings during the period of necessary interruption by reason of having to move, as to the cost of moving the business, and as to the necessary loss of business by reason of having to move. Railroad v. Schweitzer, 173 Mo. App. 657; St. Louis v. Railroad, 266 Mo. 694.

*John G. Park* for respondents, A. B. C. Fireproof Warehouse Co. et al.

(1) The only disputes were upon matters of opinion as to damages and values. Instructions will be interpreted in the light of the issues. Tranbarger v. Railroad, 250 Mo. 59; Riley v. Independence, 258 Mo. 684. Instructions G-1 and G-38 must be taken together. Harrington v. Sedalia, 98 Mo. 589; Wellman v. St. Ry. Co., 219 Mo. 151. It will be assumed that the jury did read them together. Patterson v. Evans, 254 Mo. 304; Hoover v. Mining Co., 160 Mo. App. 331. No necessity for repeating in Instruction G-38 that which had been stated in G-1. Benton v. St. Louis, 248 Mo. 112; Strickler v. Printing Co., 249 Mo. 620. The opinions of the witnesses were merely advisory and not binding on the jury.

Cosgrove v. Leonard, 134 Mo. 419; Taussig v. Railway, 166 Mo. 33; MacDonald v. Railroad, 219 Mo. 481; Hull v. St. Louis, 138 Mo. 628; Hoyberg v. Henske, 153 Mo. 76; State v. Stapp, 246 Mo. 338; Johnson v. Kahn, 97 Mo. App. 631; Smith v. Tel. Co., 113 Mo. App. 444; City of Kansas v. Street, 36 Mo. App. 668; Com. Co. v. Aaron, 145 Mo. App. 318; Poumeroule v. Cable Co., 167 Mo. App. 538; Patterson v. Traction Co., 178 Mo. App. 259; Shipman v. Ins. Co., 187 Mo. App. 406. (2) Instruction G-35 is in the exact form prescribed by controlling decision of this court. St. L., K. & N. W. Ry. v. Knapp-Stout & Co., 160 Mo. 408; St. Louis v. Railroad, 266 Mo. 701, 704. (3) Errors, if any, were harmless. R. S. 1909, secs. 1850, 2082. The award was sufficient. (4) Loss of use of building, cost of removal and loss of building properly excluded. St. L., K. & N. W. Ry. Co. v. Knapp-Stout & Co., 160 Mo. 412; St. Louis v. Railway, 266 Mo. 701. (5) Neither illegal nor unconstitutional to instruct jury that opinions of expert witnesses are merely advisory. Head v. Hargrave, 105 U. S. 45, 26 L. Ed. 1028.

*Ingraham, Guthrie & Durham* for respondents, George W. Mageath, Thos. J. Pendergast, The Wiel Co., M. L. Turner and Smith Baker Estate.

(1) There was no error in giving Instruction No. G-38. Said instruction did not mislead the jury as to their duty respecting the evidence in the case. (a) This instruction properly stated to the jury that the testimony of witnesses as to values was advisory, that is to say, for the purpose of giving advice to the jury. The language of the instruction is in effect a direction to the jury to weigh and consider the evidence and it is also properly stated therein that the jury are not bound by the evidence. Kansas City Charter, sec. 3, art. 6; St. Louis & St- Joe Railway Co. v. Richardson, 45 Mo. 468; Kansas City v. Butterfield, 89 Mo. 646; Restetsky v. Railroad, 106 Mo. App. 386; Hull v. St. Louis, 138 Mo. 618. (b) The jury of freeholders

who had sat for six weeks listening to the testimony admitted in evidence by the court, had too much intelligence and too much regard for the purpose and function of the trial to misconstrue this instruction to be as appellants contend, a direction or permission not to consider such testimony at all, and thereby treat the trial as useless formality. (c) If there is any doubt about the meaning of said Instruction G-38 standing alone, all uncertainty is removed when same is read in connection with Instructions G-1 and G-50. Of course, all instructions should be read together in passing on this question. St. Louis v. Rankin, 95 Mo. 189. Instruction G-1 clearly directs the jury to consider "all evidence in the case," and Instruction G-50 does the same, and in addition thereto, tells the jury they are not bound to accept any testimony "against their own judgment and conviction;" that is to say, they are not bound to accept such testimony as they may consider unreasonable. 2) The rule as expressed in Instruction G-35 has been approved by the Supreme Court. St. L. etc., Ry. Co. v. Knapp, 160 Mo. 408; St· Louis v. Ry. Co., 266 Mo. 704. The award to Appellant James was not inadequate and confiscatory. No claim has been or could be made that there was any discrimination by the jury as between Mr. James and other property owners. The jury deliberated three and one-half months after hearing the testimony before reaching a verdict. All were treated alike and the owners of 26 out of 29 tracts concluded to accept the verdict—a circumstance very persuasive that the verdict is not "grossly inadequate, confiscatory, oppressive and unreasonably low." The finding of the jury is conclusive. St. Louis v. Langon, 97 Mo. 178; Ry. Co. v. Richardson, 45 Mo. 466; St. Louis v. Calhoun, 222 Mo. 56. Evidence of loss due to interruption of business and evidence of cost of moving is not admissible under the decisions in this State. St. Louis Ry. Co. v. Buggy Co., 266 Mo. 694; St. Louis Ry. Co. v. Knapp-Stout Co., 160 Mo. 396.

BOND, C. J.—In this appeal from a judgment in street condemnation proceedings, all of the appellants and their friends seem to have favored us with separate briefs, similar in quantity to the pile of documents submitted to a famous jurist who decided the case without reading any of them. However, so learned was the defense made by the legal pundit of his "aleatory way of deciding law debates," that the Rabelaisian satirist made a plea for his pardon, which it is not certain was allowed. [Rabelais, vol. 3, p. 277, Wallis Ed.] Warned by the meticulosity of present-day critics of the judiciary, as well as by the pitfall of the noted jurist, we have concluded it might not be altogether proper to put the briefs of the two parties and their collaborators in separate piles and "cast dies" for the result. We shall, therefore, eschew the ancient precedent (possibly valuable for quickness of decision in medieval times) and do what we can to extract the quintessence of the contentions from the voluminous briefs and, mayhap, in that way reach the very right of the matter presented by this appeal.

This is a proceeding begun by Kansas City, Missouri, in pursuance of its charter and an authorizing ordinance, to ascertain damages and benefits for opening, widening and establishing Sixth Street from the east line of Broadway to the west line of Grand Avenue and thence one block south to Admiral Boulevard. The machinery of the circuit court was properly set in motion and the issues were tried by a jury of six men. Before the origination of this proceeding, the people of Kansas City had voted $450,000 of bonds to cover the assessments against the city for damages to property that might be taken. Tripartite interests were represented at the trial; the owners of the land condemned seeking adequate compensation, the owners of the land benefitted seeking a just assessment of the charges and benefits, and the city, the protagonist of the improvement. After a prolonged trial and the adduction of evidence on the part of the various parties

interested in support of their respective claims, instructions were given and refused upon requests by the respective parties and, on July 17, 1917, a verdict was rendered upon all the issues.    Thereafter, on October 4, 1917, the court permitted the jury, upon additional instructions, to amend their verdict, and ordered the refiling of all motions for new trial and in arrest and subsequently overruled the same.    The effect of this amended verdict simply increased the assessment against the city;  it did not change the finding of the jury in other respects.

Under the verdict $614,880.50 were allowed as damages for lands and property taken, of which amount there was assessed against the city the sum of $425,550, and the remainder was assessed against owners of property in the benefit district.    From this judgment F. M. James & Sons China Company, Max Morris and John I. Glover duly appealed and assigned for error: the giving and refusal of instructions;  the imperfection of the verdict;  that the award of the jury of damages was inadequate and confiscatory;  the exclusion of the testimony of J. C. James;  that the court erred in allowing an amendment of the verdict of the jury, and that the verdict, as to appellant, was not sustained by the evidence on the trial.

I    It is insisted that the jury was erroneously restricted in the consideration of the testimony adduced, by the terms of the following instruction:

"(G-38)  The court instructs the jury that they are the exclusive judges of the facts, that in estimating the value and damage of property, if any, they may act entirely upon their own knowledge and judgment and may disregard the testimony of all or any of the witnesses.    The testimony of witnesses is advisory only and the testimony of none of the witnesses is binding or conclusive upon the jury."

*Instructions:*
*Expert*
*Testimony.*

It is urged on behalf of appellants that the foregoing instruction, in terms telling the jury that "they may act entirely upon their own knowledge and judgment and may disregard the testimony of all or any of the witnesses," was necessarily prejudicial to them in that the jury were warranted thereunder in excluding from their view any consideration of the relevant testimony of expert witnesses introduced by appellants which tended to show that the property owned by them was damaged in a substantially larger sum than the amount awarded by the jury.

That expert testimony or opinion evidence is never conclusive upon the triers of the fact is a proposition supported by all the text-writers and is the settled law of this State. The only effect of such evidence is informatory and advisory, but it is as competent and relevant for that purpose, and to that extent, as any other evidence given by a competent witness as to a matter of fact lying within his own knowledge; and while the jury may disregard the testimony of experts, if disproven by their own experience and knowledge or otherwise, they cannot do so without *first* considering and weighing it and testing its credibility by their own knowledge and experience and by comparison with all other evidence of a contrary import. It would be quite illogical to say that the jury are compelled by law to listen to expert or opinion evidence and then, at the end of the trial, without any consideration or weighing of the tesimony thus adduced, render their judgment solely in accordance with their own personal views of the matter in controversy. The fault with the instruction under review is, that it failed to state, as a condition precedent to the right of the jury to "disregard the testimony of all or any of the witnesses," that they could only exclude such testimony from their view *after* due consideration and giving it that weight which it was entitled to have, according to their own "knowledge and judgment" and taken in connection with the other testimony in the case. In other words, the correct

rule is that the jury must *first* consider and weigh such testimony as an integral part of all the evidence bearing on the issues on trial and as compared with their own knowledge on the subject from viewing the premises, and, if after thus regarding it, they are not satisfied of its truth, then they may disregard it. This has been repeatedly decided by this court. [Kansas City v. Hill, 80 Mo. 1. c. 536; Hull v. St. Louis, 138 Mo. 1. c. 627; Kansas City v. Baird, 98 Mo. 1. c. 218; Kansas City v. Butterfield, 89 Mo. 646; Met. St. Ry. Co. v. Walsh, 197 Mo. 1. c. 421.] The above instruction was given at the request of the owners of property in the benefit district, who were interested in minimizing the amount to be found by the jury as damages for the taking of property of appellants. It was prejudicial because the record shows that appellants gave evidence tending to show a substantially larger amount of damages caused by the appropriation of their property than was allowed by the jury. The instruction under review told the jury that, without any previous consideration whatever, they might discard all such evidence and render a verdict solely upon the initiative of "their own knowledge and judgment." We conclude that the instruction misstated the law to the possible prejudice of appellants and, therefore, unless the error therein was cured, the judgment as to appellants must be reversed and the cause remanded.

It is argued, however, on the part of the city and the owners of property in the benefit district, that the above instruction was not inconsistent with instructions G-1 given for the city, and G-50 given on behalf of the owners of property in the benefit district.

In G-1 the jury were told, in substance, that their verdict should be rested upon consideration of all the evidence in the case in connection with their own judgment. In G-50 they were simply told they were the judges of the credibility of witnesses and not bound by any testimony as to damages *against* their own judgment and conviction. The three instructions

were given on behalf of the parties having interests hostile to appellants in this case. Those which respondent relied on as curing the error of the first are not complementary and supplementary instructions and hence curative of another which might have been wanting in some element supplied by the latter. But they are directly inconsistent with instruction G-38 given on the same side of the case. When that is the case, the rule warranting the curing of a fault in one instruction by language contained in another, has no application whatever. In the case at bar the two latter instructions did *not* undertake in any way to amend, complete or supplement omissions in the first, but bluntly stated a contradictory rule for the guidance of the jury. The law is established in this State that instructions for a respondent, which are inconsistent, entitle an appellant who has saved an exception to them, to a reversal of the case if his interest would have been prejudiced had the jury followed the one rather than the other. For it can never be known, without the art of divination, not enjoyed by appellate courts, which of the two inconsistent or contradictory instructions the jury allowed in making up their verdict. The law on this subject is thus stated:

"The rule, reading together all the instructions given in a case, warrants the supplementing of an imperfect by a perfect instruction; or, in other words, the curing of omissions in one instruction by a complete and correct statement in another one; but it does not go to the extent of holding that an instruction given for respondent which is radically wrong—that is, perverts the law or prejudges the facts—can be cured by another on behalf of the same party, which is free from the vice of the former. Such repugnant directions afford no guide to the jury, nor can it be presumed that they followed one rather than the other." [Tawney v. United Rys., 262 Mo. l. c. 609.]

See also Linn v. Massillon Bridge Co., 78 Mo. App. l. c. 118, and cases cited; Pyburn v. Kansas City, 166

Mo. App. l. c. 152, and cases cited; Flynn v. Union Bridge Co., 42 Mo. App. l. c. 537, and cases cited.

The antagonism between the instruction quoted above and the other two on which respondent relies to cure the vice of the first, is this: by the first instruction (G-38) the jury were distinctly and explicitly told that in making up their verdict on the pivotal point of the value and damages to property—the sharp question in issue between the three parties to this litigation—they might base their estimate *"entirely"* upon their own view and might "disregard the testimony of all or any of the witnesses"—a clearer authority to the jury to evolve a verdict from the solitude of their own consciousness could not have been expressed in terms. On the other hand the two instructions given on behalf of respondents (the city and the property owners in the district) told the jury, in effect, that they could only use their own knowledge and judgment *in connection with all the evidence in the case.* (Italics ours). This is a correct statement of the law, but it was diametrically opposed to the statement contained in instruction G-38; for in that instruction the jury was pointed, as the sole source of a proper verdict, to the suggestions of their own intelligence, without any regard whatever to the testimony of *all* or any of the witnesses.

Our conclusion is that for the error in giving instruction G-38 in contradiction of the correct rule stated in the other two instructions for the same party, the judgment in this case must be reversed and the cause remanded.

II. As this cause must be retried, it is proper to rule on the instructions of the court on the measure of damages.

The instructions bearing on the measure of damages, complained of by appellants, seem to be in strict accord with the rulings of this court. [St. Louis v. Railroad, 266 Mo. l. c. 701-707, and cases cited; St.

Louis Ry. v. Knapp-Stout & Company, 160 Mo. l. c. 412, and cases cited; Railroad v. Real Estate Co., 204 Mo. l. c. 575, and cases cited.]

The question received careful and discriminating consideration by FARIS, J., in the case first cited above (266 Mo. 701), which dealt *seriatim* with the three contentions of appellant in this case, i. e. (a) where damages were allowable for the removal of a stock of goods from the land condemned to a new location, (b) for depreciation in value caused by such removal and reinstallment, and (c) for injury to the business of respondent on account of interruption and cessation during removal. Judge FARIS held that none of these was embraced in the just compensation guaranteed in such cases by the Constitution, basing his conclusion upon the settled law of this State, the authority of standard text-writers and the adjudged cases elsewhere (with possibly one exception), concluding his review in the following terms:

"We therefore hold, in consonance with the great weight of authority everywhere, that respondent was not entitled to recover for loss of profits in its business during the removal of its stock of goods; nor for the expense of the removal of its stock of goods and personal property, as contradistinguished from fixtures, from its old location which was condemned, to a new location; nor for the depreciation in value of such personal property and stock of goods, caused by such removal and re-installation." [St. Louis v. Railroad, 266 Mo. l. c. 707.]

Under the doctrine thus announced, the trial court did not err in its instructions bearing on the measure of damages, nor did it err in excluding the testimony of Mr. James as to the damage suffered by the cessation and interruption of his business and the removal of his stock in trade.

The other errors assigned by the learned counsel for appellant need not be discussed, since they relate

merely to procedural matters and are not likely to arise on a retrial of the cause.

For the foregoing reasons the judgment against appellants is reversed and the cause remanded for further proceedings in conformity with this opinion. It is so ordered.

*Walker, Faris* and *Williams, JJ.,* concur; *Woodson, J.,* concurs in result; *Blair* and *Graves, JJ.,* dissent.