CHILLICOTHE TRUST COMPANY, Respondent, v. D. A. FRENCH, Appellant.

In the Kansas City Court of Appeals, May 22, 1922.

1. **BILLS AND NOTES:** Evidence Held to Justify Finding That Signature was Genuine. Evidence *held* to justify finding that the signature of a surety to a note sued on was the genuine signature of surety.

2. ———: Evidence: Admission of Evidence That Surety Had Signed a Prior Note of Which Note in Suit Was Itself a Renewal Held Not Error. In a suit on a promissory note by payee against the makers thereof, where one of the makers, a surety, claimed that he did not sign the note, there was no error in admitting evidence that he had signed a prior note of which the note in suit was itself a renewal.

3. EVIDENCE: Expert Testimony: Instructions: An Instruction That Expert Testimony Was of an Advisory Nature Which Jury Was Permitted to Disregard if They Saw Fit, Was Erroneous in Failing to Inform Jury Under What Conditions and Circumstances Testimony Might be Disregarded. In a suit upon a promissory note by payee against the makers thereof, where it was claimed by one of the makers that he did not sign the note, an instruction that expert testimony as to the genuineness of a signature was of an advisory nature, which the jury was permitted to disregard, was erroneous in failing to require the jury to consider and weigh such testimony and as in effect telling the jury that they might disregard it if they saw fit to do so, without telling them under what conditions or circumstances they might disregard such testimony.

4. ———: ———: Testimony of Experts Must be Considered and Weighed as an Integral Part of All the Evidence Before Being Disregarded. The jury must first consider and weigh testimony of experts as an integral part of all the evidence bearing on the issues on trial and as compared with their own knowledge on the subject, and then, if it does not compare with their knowledge, views or experience, they may disregard it.

Appeal from the Circuit Court of Livingston County.— Hon. Arch B. Davis, Judge.

REVERSED AND REMANDED.

*Schmitz & Marshall* and *Paul D. Kitt* for appellant.

*Davis & Ashby* for respondent.

TRIMBLE, P. J.—This suit is on a promissory note for $876.10 payable to the plaintiff bank, dated September 8, 1919, with eight per cent interest payable semi-annually, signed by defendant F. E. Riley and purporting to be also signed by the defendant D. A. French. Riley

in his answer admitted the execution thereof and alleged that his co-defendant, French, also signed it. French, in an answer duly sworn to, denied that he signed it and pleaded *non est factum*.

Upon a trial before a jury, a verdict was returned against both defendants, from a judgment on which the defendant French appealed.

It seems that from April, 1916, up to and after September 8, 1919, the defendant Riley was doing business with the plaintiff bank, borrowing money therefrom at various times, and when the amounts began to get large Riley was required to furnish security.

The evidence in plaintiff's behalf was that the note in suit was given in renewal of prior notes given from time to time by F. E. Riley, with D. A. French as security; that when a note was renewed by the giving of a new one, the old note would be surrendered to Riley. The cancelled notes were placed by him in his desk which was afterwards shipped on the railroad and became broken in some way and its contents scattered so that only two of said former notes were capable of being produced at the trial.

Plaintiff introduced evidence to the effect that the first note French signed as security for Riley was one for $842.40, dated March 17, 1917 (of which $560 was for cash obtained then); and that on September 13, 1917, it was renewed and $33.70 of interest was added thereto making $876.10. On March 13, 1918, said note was again renewed and also again on September 13, 1918, and so on until the date of the note in controversy. Plaintiff's evidence is that these former notes, or at least one of them, were signed by French at the plaintiff bank in the presence of the president thereof who testified that he saw French place his signature thereon. But when the time came to renew the note sued on, Riley came to the bank after signing it took it out to get French to sign and afterwards returned with the note purporting to bear his signature. Riley swears that French signed it either at his, Riley's, office or at French's home. There was

ample evidence to justify the finding that the signature of the Name D. A. French to the note sued on was French's genuine signature.

There was no error in admitting the evidence as to defendant French having signed at least one of the re-newal notes at the bank and in the presence of its presi-dent, of which the note in suit was itself a renewal. The fact that French signed a note of which the one sued on is a renewal is certainly admissible as a circumstance relevant to the issue of whether he signed the present note. [Miller v. Burgess, 136 S. W. 1174, 1175.]

The evidence that the signature to the note was not that of the defendant D. A. French consisted largely, if not entirely of the testimony of handwriting experts.

With reference to such expert testimony, the plain-tiff obtained an instruction reading as follows:

"The Court instructs the jury that where as in this case, experts are called to testify, their opinions are not to be considered as evidence of facts, but are of an ad-visory nature, and they are permitted to express opinions because of the peculiar knowledge they possess, but the jury is in no wise bound to accept their opinions, but after receiving the advice of experts, you are permitted to use your own judgment in passing upon the things concerning which the opinions are given, and you are permitted to disregard the opinions of such experts if in your judgment you see fit to do so."

Defendant makes the point that this instruction is erroneous and also that it conflicts with one of the de-fendant's instructions on the same subject.

Cautionary instructions as to the opinion evidence of experts is sanctioned, but care should be exercised not to get beyond proper bounds in doing so. It is true, expert testimony or opinion evidence is not conclusive upon the jury, and the effect of such evidence is only advisory and informatory, but for that purpose it is as competent and relevant as any other "and while the jury may disregard the testimony of experts, if dis-proven by their own experience and knowledge or other-

wise, they cannot do so without *first* considering and weighing it and testing its credibility by their own knowledge and experience and by comparison with all other evidence of a contrary import. . . . In other words, the correct rule is that the jury must *first* consider and weigh such testimony as an integral part of all the evidence bearing on the issues on trial and as compared with their own knowledge on the subject'' and then, if it does not compare with their knowledge, views or experience, they may disregard it. [Kansas City v. Morris, 276 Mo. 158, 168-169. ] Now it is true the instruction condemned in the Morris case is couched in stronger terms than the one in this case. But nevertheless we think the latter oversteps the bounds. It nowhere tells the jury they must consider such evidence but on the contrary, in effect, tells them that it is not to be considered and that the jury ''is in no wise'' bound to accept it and they may disregard it if they see fit to do so, without telling them under what conditions or circumstances they may disregard it. Perhaps one trained in the law might understand that the evidence was not to be arbitrarily disregarded; but what is the import of this instruction to men who are not trained in the niceties of subtle distinctions and who will accept the general import of language in its ordinary and commonly accepted meaning? We think the effect of an instruction worded as this one is, is to invite the jury to disregard the expert testimony altogether without giving them any guide to tell them under what circumstances and when they may refuse to give it effect. The instruction ''must not, either directly or by implication, tell the jury to disregard the testimony of experts in making up their verdict.'' [Restetsky v. Delmar Avenue etc. R. Co., 106 Mo. App. 382, 389.] In our judgment the instruction clearly tends to do this and it cannot be approved. To do so would authorize and sanction a dangerous departure from the well defined limits within which a cautionary instruction as to expert evidence should be confined.

As this calls for a reversal and remanding of the case, we need not pass upon the question of whether defendant should have been granted a continuance on account of lately discovered evidence, nor decide the other questions raised.

The judgment is reversed and the cause remanded for a new trial. All concur.