PROCEEDINGS FOR CONDEMNATION OF PRIVATE PROPERTY FOR SIXTH STREET EXPRESSWAY, Kansas City, Respondent,

v.

NATIONAL ENGINEERING AND MANUFACTURING COMPANY, Inc., Lessee of Tract 63, Appellant.

No. 22148.

Kansas City Court of Appeals.

Missouri.

Jan. 10, 1955.

Thomas E. Hudson, Hudson, Whitcraft & Cavanaugh, Kansas City, for appellant.

David M. Proctor, Benj. M. Powers, Frank O. Knight, Kansas City, for respondent.

SPERRY, Commissioner.

This is an appeal by the lessee of certain property from a verdict and judgment growing out of condemnation of said property by the City of Kansas City, for con-

struction of Sixth Street Expressway, and comes to this court by transfer from the Supreme Court.

The property consisted of what is referred to in the record as tract 63, located at 519 Wyandotte, Kansas City, Missouri. It has a front of 52 feet and a depth of 154 feet. The front portion of the tract was occupied by a three story and basement, concrete building, 52 feet x 70 feet, with a wooden balcony on the second floor. Adjoining and attached thereto was a two story building 52 feet x 84 feet, of brick construction. The property was leased to National Engineering and Manufacturing Company, for a term running 57 months from the time of the circuit court trial, for the sum of $500 per month. The jury found a verdict for the owner in the amount of $68,000, and for the lessee in the amount of $16,000. The lessee only has appealed.

The case was submitted on the theory that the City was liable for the fair market value of the property as a whole, and that the jury should equitably divide the total amount so found between the owner and the lessee.

Mr. Page, a realtor-appraiser, testified for the City that the fair market value of the property was $57,000, and the bonus value of the lease was $150 per month for the balance of the term, or $8,550.

In arriving at the above figure he took into consideration the location and uses to which the land could be put, the cost of replacement of the buildings less depreciation, and rental values in the area. He thought similar floor space in that area would rent, as of the date of trial, for $150 per month more than the amount agreed on in the 1949 lease, to-wit $500 per month. He also considered the value to the real estate of improvements and additions made by the tenant.

Mr. LaBar, another appraiser for the City, thought the fair market value of the real estate was $54,280. He arrived at that figure by about the same method as that followed by Mr. Page, but gave it a slightly different depreciation and considered the cost of added loading facilities because of the peculiar physical conditions obtaining, which affect its adaptability for warehousing purposes. He estimated the gross rental value as of the date of trial at $7,500 per year, or a bonus value of $7,125.

Mr. Patt, a qualified appraiser testified, for the owner, that the present market value of the property, considering the net value of the rental contract and the reversionary interest, is $78,000. He estimated the real rental value at $762 per month, or a bonus rental value of $262 per month for 57 months. In arriving at the above valuation of the building he took into consideration such additions as had been made by lessee as were a part of the real estate and included their value in the total value of $78,000 as given.

Vernon Rodick, one of the owners of lessee, gave evidence as to the type of additions made to the buildings, by lessee, and of their nature and cost. This testimony was confined to such additions as would have remained in the buildings after expiration of the term of the lease and will be taken by the City. Such items totalled in excess of $19,000. The witness agreed that same would be of little value to another tenant unless carrying on a business similar to that of lessee; that lessee had intended charging off the cost, year by year, over the term of the lease.

Mr. Stern, a qualified appraiser for lessee, stated that he valued lessee's interest by estimating the value of the lease and the unamortized cost of additions. The net rental value was fixed at $9,600 per annum, or a monthly bonus value of $300 for the remaining period of the lease, totalling $16,-800 for the remaining period of the lease, which had a "present" value of $14,000. He estimated the unamortized cost of leasehold improvements made by lessee at $12,-600. He estimated damages to lessee at $26,600, that such was the amount of lessee's loss occasioned by this taking of the property. He stated that the leasehold improvements above mentioned are of no val-

ue to another tenant. He estimated the total value of the real estate at $84,270, to which he added the bonus value of the lease, $12,600, making a total of $96,870; that the fair market value of the property was $84,270, if sold by a willing seller to a willing buyer.

Appellant's contention is that its award of $16,000 was less than it should have had. It complains that neither Page nor LaBar took into account the leasehold improvements in their evaluation of the building. However that may be, Mr. Stern considered the leasehold improvements, what they cost and the value used up by appellant, and stated that the full market value of the real estate was $84,270. The jury made an award of $84,000 as its full market value.

█ The measure of damages, in a case such as this, is that sum which the owner could obtain if he wanted to sell but was not forced to do so from one who wanted to buy, but was not compelled to do so. City of St. Louis v. Smith, 325 Mo. 471, 30 S.W.2d 729, 732. This was the rule submitted in Instruction No. 1.

██ By Instruction IX the jury was told that the market value of the property was the same as though it belonged to but one person, and that such sum should be apportioned between the owner and lessee so that the total should not exceed the value of the property as a whole. This was a correct declaration of the law. Nichols, on Eminent Domain, 3rd Ed. Vol. 4, page 212; City of St. Louis v. Turner, 331 Mo. 834, 55 S.W.2d 942, 944. The value of buildings and fixtures is only important as affecting the value of land being condemned, if the *land* is thereby enhanced in value. City of St. Louis v. Turner, et al., supra, 945.

Applying the above rules, it is noted that appellant's own witness, in effect, stated that appellant's fixtures, which were to be taken, added nothing to the market value of the real estate. He fixed the value of the leasehold interest at $14,000. The jury awarded appellant, $16,000. The jury may have awarded appellant at least $2,000, out of the total, for its fixtures.

█ We do not understand that complaint is made as to the total award of $84,000, which was within $270 of the highest value fixed by any witness. We cannot say that the jury awarded appellant, out of this sum, a lesser amount than it should have awarded. Appellant's award was higher than was indicated under the evidence adduced of record.

█ However, the opinion evidence was, at most, merely advisory, and the jury was not bound thereby. Kansas City v. Morris, 276 Mo. 158, 207 S.W. 503, 504. It has been held that such a jury could have reached a verdict based solely upon its own examination of the property and that its verdict would be conclusive absent a showing that the jury erred in the principle upon which they made their appraisal. Kansas City v. Jones Store Company, 325 Mo. 226, 28 S.W.2d 1008, 1016.

█ Complaint is made of the court's refusal to give appellant's Instruction "E." The instruction informed the jury, among other things, that one of the elements to be considered in determining value was the cost to lessee of reproducing its installations and improvements. Whether or not this was a proper instruction to give is not of great importance here. The court, under its Instruction IX, fully instructed, and properly so, on the issue above mentioned. Therefore no prejudicial error was committed in refusing to give Instruction "E" even if it were a proper instruction, which we do not decide.

The judgment should be affirmed.

BOUR, C., concurs.


PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed.

All concur.