**KANSAS CITY, Missouri,**
**Respondent,**

v.

**Lee O'DONNELL and Rose O'Donnell,**
**Appellants.**

**In re Proceedings to Grade 76th Street.**

**No. 22441.**

Kansas City Court of Appeals.

Missouri.

Dec. 3, 1956.

· James D. McGrath, Kansas City, for appellants. Edward L. Baker, Kansas City, of counsel.

Benj. M. Powers, City Counselor, Herbert C. Hoffman, Associate City Counselor, Kansas City, for respondent.

CAVE, Judge.

This is a proceeding commenced by Kansas City, in the Circuit Court of Jackson County, to authorize the grading of 76th Street from the east line of Holmes Street to the west line of Charlotte Street, pursuant to the provisions of Ordinance No. 16961, and under the authority of Sec. 229, Art. VII of the Charter of said city.

Appellants claim damages to their property in the sum of $7,500. A trial was had to a jury of freeholders, as authorized by said Sec. 229, resulting in a verdict finding no damage to appellants' property, after making allowance for all special and peculiar benefits. Appellants filed motion for new trial which was overruled, and appeal was perfected to this court. We have jurisdiction. Sec. 3, Art. V, Constitution, V.A.M.S.

In view of the errors alleged in the motion for new trial and preserved on appeal, we deem it unnecessary to set out the ordinances and pleadings filed. There is no question of sufficiency or jurisdiction.

The motion for new trial states (1) "* * * that the court erred in refusing to allow them to introduce evidence to the effect that the alleged condemnation of the street herein was illegal and a fraud upon the owners of said land, no consideration having been paid". The same alleged error is stated as Point I of the brief. We have made a diligent search of the transcript and find no evidence offered, or attempted to be offered, on this subject. The trial court cannot be convicted of error for rejecting evidence which was never offered, or which is not preserved in the transcript on appeal. There is nothing for consideration on this point.

The second ground of the motion attempted to be preserved in the brief is, "* * * that the court erred in refusing to allow said petitioners to show that the city's declaring the opening of 76th Street as a way of necessity, was a deprivation of their rights as property owners owning one-half of the street involved and their right to elect not to pave, to the benefit of a third party and without compensation to these petitioners". Again, we find nothing in the transcript to indicate that the court refused to allow the appellants to present evidence on such matters, even if such evidence would have been proper, which we decline to decide because no such issue was presented to the trial court and is therefore not before this court.

The third ground of the motion states, "* * * that failure of the jury to allow compensation for the grading of 76th Street was a result of bias, prejudice, and incompetence of the jurors and against the weight of the evidence". We will consider this ground with the fourth and last ground asserted in the motion, which is "* * * that the evidence before this jury showed the damage in the amount of Seven Thousand Five Hundred ($7500.00) Dollars would accrue to the petitioners' property as the result of said grading and that this evidence was uncontroverted".

The jury consisted of six freeholders duly and properly selected under the charter of Kansas City. It was not a common

law jury. It heard some oral testimony, which will be considered presently; thereupon the court, under Art. VI, Sec. 144 of the charter, fully instructed the jury of their right and duty to make personal inspection and examination of the property affected by the proposed grading of the street; what element of damages and special benefits, if any, to be considered, and ordered them to report to the court at a later date.

There is nothing in the record to indicate that the jury or any member thereof was in any way biased, prejudiced or incompetent, and appellants point to none.

■■■ With reference to the contention that the finding of the jury was "against the weight of the evidence", it might be sufficient to say that the appellate court does not weigh conflicting evidence. However, we think appellants' contention is that there was no such conflict. Their evidence on the question of damages was supplied by their son, who was a building contractor. He testified concerning the size of the house, its manner of construction and its proximity to the line of the street, and assumed that the grading would be done by very heavy machinery, such as bulldozers and scraper attachments weighing as much as 60,000 pounds. There is no evidence that such equipment will be required or used; however, he gave it as his opinion that plaintiffs' property would be damaged approximately $7,500.

One of the city's employees in the engineering department testified that he had made surveys and plats of the street to be graded; that at the intersection of the south line of 76th Street and east line of Holmes Street (this is the location of plaintiffs' property) "there will be a cut of approximately two-hundredths of a foot. Q. What does that mean in inches? A. Very small"; that 50 feet east of that point, and adjacent to plaintiffs' property, the cut will be "2 feet and $^{17}/_{100}$"; and that at a point 100 feet east of Holmes "there will be a cut of $^{86}/_{100}$ths of a foot". Con-

tinuing eastward, the "cut" is somewhat reduced because the ground slopes slightly eastward. The cuts on the north side of the street, opposite plaintiffs' property, are substantially the same. He stated that the means of doing the grading would be determined by the contractor, not the city.

After hearing this brief oral testimony, the jury, under the instructions of the court, personally inspected the property and the proposed improvements and in due time made return of their finding denying appellants damages in excess of special benefits. Considering the shallowness of the "cut" or the depth of the grading to be done, the maximum of which was approximately 2 feet, the jury might well have declined to accept at face value the testimony that ponderous machinery would be brought in to do the grading, and thereby damage appellants' property to the extent of $7,500. Certainly it would not be bound by such opinion evidence. Furthermore, the jury personally inspected the property and proposed improvements, and under such circumstances, it has been held that such a jury could have reached a verdict based solely upon its own examination and that its verdict would be conclusive, absent a showing that the jury erred in the principles upon which they made their appraisal; and no such showing was made in this case. Proceedings for Condemnation of Private Property for Sixth Street Expressway, Kansas City v. National Engineering & Mfg. Co., Inc., Mo.App., 274 S.W.2d 490, 492; Kansas City v. Jones Store Co., 325 Mo. 226, 28 S.W.2d 1008, 1016.

In support of their contention that the verdict of the jury was against the weight of the evidence, appellants cite Lee v. Allen, Mo.App., 120 S.W.2d 172; Chillicothe Trust Co. v. French, 211 Mo.App. 214, 241 S.W. 984; Dimond v. Terminal R. Ass'n of St. Louis, 346 Mo. 333, 141 S. W.2d 789; Breslin-Griffitt Carpet Co., Inc., v. Asadorian, Mo.App., 145 S.W.2d 494; Kansas City v. Osage Land Co., Mo., 163

S.W.2d 540; Hickman v. City of Kansas, 120 Mo. 110, 25 S.W. 225, 23 L.R.A. 658.

A reading of those cases will immediately disclose that they have no application to the present issue. We will not undertake to point out the distinction in each case, but to illustrate, the appellants quote from the Chillicothe Trust Company opinion the following [211 Mo.App. 214, 241 S.W. 985]: "The jury must first consider and weigh such testimony as an integral part of all the evidence bearing on the issues on trial". From the Dimond opinion they quote [346 Mo. 333, 141 S.W.2d 790]: "A witness' uncontradicted evidence must be considered as a whole and in the setting in which it is given". Such general statements in no way conflict with what we have said above.

There is no merit in the contention that the jury's findings are against the weight of the evidence.

■ We do find in the transcript that pending the motion for new trial appellants introduced in evidence Exhibits Nos. 7, 8, 9, 10 and 11. The first four exhibits are photographs of their house and the survey and grade stakes established by the city engineer, and No. 11 was an affidavit by Leo O'Donnell stating the date of the construction of the house in question. All of these exhibits were admitted in evidence by the court, but in doing so the court said, "I am limiting it to the issues covered by your motion for new trial". Such exhibits might have been competent and material if they had been introduced during the trial, but they have no probative value and cannot be used to impeach the verdict and findings of the jury.

■ We also find that appellants argue in their brief that they had a right to attack collaterally a judgment of condemnation establishing 76th Street, some 25 years prior to this proceeding, on the ground that it was fraudulent and taking private property without due compensation. In the first place, that question is not raised in the

motion for new trial, and secondly, there is no evidence on the subject. We need not discuss the validity of the original proceedings.

Finding no prejudicial error preserved, the judgment should be affirmed. It is so ordered.