Condemning Private Property for Public Use to Open, Establish and Grade N.E. Parvin Road From About North Prospect Avenue to North Brighton Avenue, in KANSAS CITY, CLAY COUNTY, Missouri; Establishing Grade and Condemning Encroachments, Easements for Cuts-Back and Fills; Condemning Easements for Drainage Purposes and Temporary Construction Easements; Providing for Payment of Just Compensation; Establishing a Benefit District and Providing for Levying of Special Assessments Therein, Under Ordinance of Kansas City, Missouri, No. 33567, Passed February 10, 1967, Respondent,

v.

Herbert J. CARTER and Nannabell E. Carter, Appellants.

No. 25148.

Kansas City Court of Appeals.

Missouri.

Oct. 6, 1969.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 1, 1969.

Charles W. Hess, Charles White Hess, Linde, Thomson, Van Dyke, Fairchild & Langworthy, Kansas City, for appellants.

Herbert C. Hoffman, City Counselor, Ned B. Bahr, Associate City Counselor, Kansas City, for respondent.

CROSS, Judge.

This is a condemnation proceeding instituted by respondent City of Kansas City, under authority of Articles VI and VII of its constitutional charter, to acquire private lands for public use, i. e., to open, establish and grade N.E. Parvin Road as a public street within the city. The various land interests appropriated include part of a two acre tract belonging to appellants Herbert J. Carter and Nannabell E. Carter, located in a suburban area of Kansas City in Clay County. This parcel of land is designated in the proceedings as Tract 63.

All proceedings had in this cause have been in conformity with the special re-

quirements of the city's charter governing the exercise of the right of eminent domain. The action was duly commenced by ordinance, and the landowners affected were given due notice of the pendency and nature of the proceeding, apprising them of their right to receive just compensation for the lands and easements taken, informing them that claims therefor must be filed, and fixing the day and place for empaneling a jury of six freeholders to assess such compensation. Pursuant to that notice, appellants filed their claim for compensation in the total sum of $30,000.00— $15,000.00 for land and trees actually taken and $15,000.00 for damages to the remainder.

Upon trial to the freeholders' jury the city offered no testimony relative to land values, damages or benefits. The only testimony on that issue came from Nannabell E. Carter and a realtor, David W. Childs, who testified as witnesses for appellants. Mrs. Carter testified that she and her husband (appellants) had planned to divide Tract 63 into six lots, ——three on each side of an existing road, but that Parvin Road, a projected four lane thoroughfare, would cut through the center of the entire tract and render the lots worthless and create an embankment four feet from the front door of appellants' existing residence. In her opinion the value of the land taken or rendered useless was $12,500.00, and appellants' concrete driveway valued at $1,-200.00 would be rendered useless. She estimated the cost of moving appellants' house to a different location on Tract 63 at $1,000.00. Trees to be lost by the condemnation, she valued at $2,000.00. Her total evaluation of appellants' loss was $16,700.00.

·Mr. Childs testified that the value of the entire tract before the taking was $15,000.-00 and that the value after the taking was $2,500.00, "leaving a damage of twelve thousand five hundred". His valuation figures were based on the subdivision plan testified to by Mrs. Carter. It was his belief that after Parvin Road crossed Tract 63 there would remain only one lot out of the intended total of six, which he valued at $2,500.00 each. The witness expressed the opinion that no benefits would accrue to Tract 63 by reason of the proposed Parvin Road.

At the conclusion of evidentiary hearings affecting the various tracts involved, the trial court fully and correctly instructed the jury, in writing, and in conformity with charter requirements, upon the law they were to follow in assessing damages and benefits.

After viewing the various properties involved, including appellants' Tract 63, at the specific direction of the trial court, the freeholders' jury returned their verdict thereon. Their award to appellants as damages to Tract 63 was in the total sum of $5,295.00, apportioned as follows: for the taking of that portion of Tract 63 encompassed by the proposed Parvin Road $3,000.00; for damage to the remainder $1,300.00; for the taking of an easement and by reason of the grading of said street $700.00; for the taking of a drainage easement Tract 63–A $160.00; for the taking of a drainage easement Tract 63–B $135.-00; special benefits none.

Thereafter appellants timely filed their motion for a new trial, praying in the alternative for judgment, notwithstanding the verdict, in an amount commensurate with their own evidence. The only complaints of error set out in the motion are that "the verdict is unsupported by and contrary to all the evidence adduced * * * and contrary to the law and the instructions of the court" and that "the verdict of the jury * * * is against the weight of the evidence and unsupported by any evidence whatsoever." After due consideration the trial court overruled the motion and entered judgment in accordance with the verdict. Inasmuch as appellants presently claim entitlement to an amount of $13,500.00, instead of the $5,295.00 assessed by the jury, the amount in controversy in this appeal is less than $15,000.00

and within the monetary jurisdiction of this court.

Appellants' brief contains only one point, quoted as follows: "The trial court erred in refusing to grant a new trial to landowners for the reason that the jury verdict was not supported by any evidence and thus denied the landowners their constitutional rights to receive just compensation for their private property taken and damaged for public use under Article I, Section 26, Mo.Const.1945 and Article I, Section 10, Mo.Const.1945 [V.A.M.S.]."

■ Our review will be restricted to the only question that was preserved in appellants' motion for new trial, i. e., *whether the verdict is supported by any evidence*. We decline appellants invitation to consider whether they were denied their constitutional rights to "just compensation" and "due process" because those questions were not presented to the trial court, were not mentioned in their motion for new trial, and are raised for the first time in this appeal. "To raise and preserve a federal or state constitutional question for appellate review the question must (1) be raised at the first available opportunity, (2) the section or sections of the constitution claimed to be violated must be specified, (3) the question must be kept alive at every stage of the proceeding, (4) the question must be presented in a motion for a new trial and (5) it must be adequately covered in the briefs." Kansas City v. Howe, Mo.App., 416 S.W.2d 683. Also see cases in 8 Mo. Digest Part 2, Courts, ☞231(22) and 231 (23).

Arguing the only point they have properly raised, appellants submit that there is "no testimony or other evidence in this case (which) contradicted the landowners evidence that the value of the property taken and the damages resulting to the remainder were at least $13,500.00." For that reason, say appellants, the jury's verdict in the amount of $5,295.00 is unsupported by and contrary to the evidence.

Appellants assert the law to be that in the absence of any testimony adduced by the city to contradict the estimates of damage given on behalf of condemnees, the freeholders' jury is not at liberty to return a verdict in a lesser sum, based upon their personal view alone. Thus appellants challenge an unbroken succession of decisions by this court and the Supreme Court which hold that such a view conducted by a freeholders' jury, constituted and acting under authority of Kansas City's charter, is of itself a form of evidence sufficient to support their verdict, even in the absence of other evidence in the conventional form of verbal testimony. The existence of this line of cases is acknowledged by appellants, who concede that they "might be considered as upholding the questionable prerogatives of the freeholders' jury", but suggest that "they all contain evidence which justified the result." We find from our examination of these authorities that appellants' suggestion is unfounded in fact.

The precise question here presented was considered by this court in 1889 in the case of City of Kansas v. Street, 36 Mo.App. 666, a charter proceeding to condemn real estate for public street purposes. The facts controlling our decision in that case were almost identical to those found in this case. Only two witnesses testified as to property values, both of whom were produced by and testified for the defendant property owner. *No testimony as to values or damages was offered on the city's behalf*. After personally viewing the property a freeholders' jury of six householders returned its verdict awarding defendant Street a sum less than his two witnesses had testified was the amount of his damages. On appeal, the property owner complained only that "the verdict is contrary to the evidence." It was his contention that the charter freeholders' jury could not lawfully render a verdict, based solely upon its view of the property, but that the verdict rendered must be based upon testimony adduced at the hearing. Ruling otherwise, we approved the verdict and af-

firmed the judgment, with comment as follows:

"The testimony as to value consisted of two witnesses for the defendant, who gave their opinion as to the value of the ground sought to be appropriated, and it may be conceded that the verdict was not in accord with this testimony. But it must be borne in mind that the very nature of such evidence is matter of opinion or judgment, and not a detail of facts. In such case, though the jury may have full faith in the honesty of the witnesses, they are not bound to set aside their own judgment and accept that of the witnesses.

"Testimony of experts as to value of professional services need not control a jury in determining the amount of their verdict. Head v. Hargrave, 105 U.S. 45 [26 L.Ed. 1028]. Such testimony must be considered and weighed by the jury, and in the light of such testimony, they come to a conclusion by an exercise of their own judgment, experience, and knowledge.

"In the case at bar, the charter of the plaintiff city provides that the jury shall personally examine the property in controversy, and this examination may be said to be a species of evidence which must have its weight, and must necessarily operate on the mind of the individual juror in forming his opinion, and it will naturally and properly find expression in the verdict rendered."

The foregoing was re-affirmed by the Supreme Court, en banc, in the case of Kansas City v. Jones Store Co., 325 Mo. 226, 28 S.W.2d 1008, where the court stated:

"A jury of freeholders is not limited to the evidence produced, as is a common-law jury. Such a jury, under section 144, art. VI, of the Charter of Kansas City, may examine personally each piece of property described in the map or plat filed in the case, all property claimed to be damaged, and the city engi-

neer, the director of public works, or the superintendent of parks, or any assistant of any of them, may accompany such jury for the purpose of pointing out the property condemned. Thus the jury can reach a conclusion with or without the assistance of any evidence produced before them, having the benefit of expert assistance in the examination of the property. The result reached is conclusive unless the court is satisfied that they have erred in the principle upon which they have made their appraisal. Kansas City v. Smart, 128 Mo. [272] loc.cit. 295, 30 S.W. 773."

In Kansas City v. Osage Land Co. (In re Cleveland Avenue From South Line of Blue Ridge Road to North Line of 53rd Street, etc.), 163 S.W.2d 540, the Supreme Court followed the Jones case and ruled as here quoted:

"No evidence was offered by respondent on the question of benefits and damages, and none was required in a case of this kind, since the jurors may examine personally each piece of property affected. Sec. 144, Art. VI; and Sec. 229, Art. VII, Charter of Kansas City; Kansas City v. Jones Store Company, 325 Mo. 226, 251, 28 S.W.2d 1008, 1016."

More recently, in the case of Kansas City v. Cone, Mo.App., 433 S.W.2d 88, this court defined the nature of the freeholders' jury and redeclared its authority to make an award solely on the basis of its personal view of the condemned property, in language as follows:

"No evidence on the issue of special benefits was adduced by appellant at the hearing in the circuit court. However, appellant was relieved of its burden of proof in that respect by the jury's personal view of the condemned property. In condemnation proceedings under the city charter, it is considered that the personal view of the property by the six member freeholders' jury provided for by Sec. 144, Art. VI of the charter constitutes a species of evidence sufficient

to support their conclusions on all questions involved in the determination of 'just compensation', without the aid of any evidence *aliunde*. It is intended that such a jury be composed of persons expert in the appraisal of property values by reason of their knowledge and experience in that field. In a sense, the freeholders' jury possesses and exercises the functions of 'commissioners' as well as those of a common law jury. Thomson v. Kansas City, Mo.App., 379 S.W.2d 194."

Also see Kansas City v. Berkshire Lumber Co., Mo.Sup., 393 S.W.2d 470; Thomson v. Kansas City, Mo.Sup. En Banc, 384 S.W. 2d 518 and Kansas City v. O'Donnell, Mo. App., 296 S.W.2d 914.

■ Appellants cite no case holding otherwise than those we have noted above, and to the effect that the verdict of a freeholders' jury acting under authority of Kansas City's charter must be supported by evidence other than its personal view. Nor do appellants direct any specific complaint against the propriety of any instruction given by the court, or advance any reason to believe that the freeholders' jury "erred in the principle upon which they have made their appraisal." It is our conclusion that appellants have not sustained their burden in this appeal to establish that the trial court erred in refusing to grant a new trial and entering judgment on the verdict as returned.

Appellants have additionally argued (without raising the matter at any stage of the cause or presenting it as a point in their brief) that in order to afford the landowner his right of judicial review, the record must disclose "the evidence, if any," on which the condemnation award is based. Appellants assert that "If such evidence is not revealed as was the case here, the courts are deprived of the opportunity to exercise a meaningful judgment as to whether the condemning authority and the jury have exceeded the limits placed upon them by the due process clause and the condemnation provision of the Missouri Constitution." Appellants have not effectively invoked our cognizance of this additional question by compliance with Civil Rules 83.13(a) and 83.05(e), V.A.M. R., or by observing the requirements necessary to raise constitutional questions.

The judgment is affirmed.

All concur.