STATE of Missouri ex rel. STATE HIGH-
WAY COMMISSION of Missouri,
Plaintiff-Respondent,

v.

Homer GRISSOM and Freda Grissom, his
wife, Defendants-Appellants.

No. 8769.

Springfield Court of Appeals.

Missouri.

Feb. 3, 1969.

Ted M. Henson, Jr., Poplar Bluff, Dud-
ley & Burris, Pocahontas, Ark., for defend-
ants-appellants.

Robert L. Hyder, Jefferson City, Stanley J. Murphy, Sikeston, for plaintiff-respondent.

STONE, Judge.

In this condemnation proceeding, the Missouri State Highway Commission filed exceptions to the commissioners' award of $2,500; and, upon trial in the circuit court, a jury verdict of $1,200 was returned in favor of the landowners, defendants Homer Grissom and Freda Grissom, his wife. From the judgment entered thereon, defendants appeal.

Defendants owned and resided on a 680-acre farm in the southern part of Ripley County, Missouri. Supplementary State Route DD ran through defendants' farm in a general northerly-southerly direction, and Dry Creek flowed through the farm along a general westerly-to-easterly course. Prior to the instant acquisition, traffic on Route DD crossed Dry Creek on "a low water bridge with four or five horns under it." In connection with the improvement of that crossing by construction of a new concrete high water bridge some six to eight feet above normal water level and about one hundred sixteen feet in length, plaintiff Commission in this proceeding took (a) 0.62 acre for a new highway right-of-way alongside and just east of the old right-of-way, (b) an easement for construction and maintenance of a channel change across 0.82 acre immediately below or east of the new bridge, (c) a temporary easement on 0.16 acre for construction of a levee, and (d) a temporary easement on 1.69 acres as a borrow area for obtaining and preparing materials used in construction.

■ The issue tried to the jury was simply that of damages [V.A.M.R. Rule 86.08; V.A.M.S. § 523.050(2); State ex rel. Union Electric Light & Power Co. v. Bruce, 334 Mo. 312, 66 S.W.2d 847, 848(2); State ex rel. State Highway Com'n. v. Harris, Mo.App., 417 S.W.2d 29, 31(2)]; and, only a relatively small portion of defendants' 680-acre farm having been taken, the measure of damages to which the parties properly directed their evidence was the difference in the fair market value of that farm immediately before and immediately after the taking on August 12, 1966. State ex rel. State Highway Com'n. v. Bowling, Mo. (banc), 414 S.W.2d 551, 555(7); State ex rel. State Highway Com'n. v. Kendrick, Mo., 383 S.W.2d 740, 745(7); State ex rel. State Highway Com'n. v. Cady, Mo.App., 400 S.W.2d 481, 484(4), appeal dismissed and certiorari denied 385 U.S. 204, 87 S.Ct. 407, 17 L.Ed.2d 300.

On behalf of *defendants,* opinion evidence was given by three witnesses, namely, by defendant Homer Grissom and by Robert Payne and Clifford Lynxwiler, licensed real estate brokers in Doniphan. Defendant Grissom "figured my place was worth $55,000" immediately prior to the taking and $50,000 immediately thereafter, indicating damages of $5,000. Witness Payne thought the before-taking market value of defendants' farm was "about $58,000" and the after-taking market value was "in the neighborhood of $52,000," with resulting damages of $6,000. Witness Lynxwiler's before-taking valuation was $55,000 and his after-taking valuation was $51,000, thus suggesting damages of $4,000. Witnesses Max Chandler, Calvin Owen and Thuran Stallings, all licensed real estate brokers and professional real estate appraisers residing in Sikeston, testified for *plaintiff.* Their opinions as to before-taking and after-taking valuations of defendants' farm and the damages thereto were: witness Chandler, before taking $47,750, after-taking $47,250, damages $500; witness Owen, before-taking $57,300, after-taking $56,850, damages $450; and witness Stallings, before-taking $57,250, after-taking $56,600, damages $650.

Defendants' sole complaint on this appeal is that the verdict and judgment "are not supported by any substantial evidence with respect to the amount of damages." In the "Argument" section of their brief, counsel explain and elaborate their position thusly:

"This is a condemnation suit where the determination of damages can be determined very precisely . . . . It is true that in cases such as this, and it is true in the case at bar, that the evidence is often conflicting and there is wide disparity between the witnesses. Certainly the jury has the right to believe a witness or not to believe a witness, and defendants concede that a jury can believe just one of many witnesses and can properly base their verdict upon the testimony of this one witness. What defendants are contending is that the jury is not free to simply pick a figure at random and that the amount of the verdict must be responsive and directly related to at least some part of the evidence. Defendants concede that mathematical exactitude is not required. But defendants do believe that the verdict and at least part of the evidence must coincide more closely than they do in the case at bar." As we gather from this and other statements, defendants' contention is that, although the assessment of damages by the triers of the facts in a condemnation case need not *precisely coincide* with the opinion of any expert witness, such assessment cannot stand unless it approaches at least one such opinion *"more closely"* than did the assessment of $1,200 under consideration here. (All emphasis herein is ours.)

 Counsel cite no case, and we have found none, announcing any such doctrine. They simply point to several cases [1] as "examples of the kind of substantial evidence which defendants believe should be required in the case at bar"; and they then cite State ex rel. State Highway Com'n. v. Tighe, Mo., 386 S.W.2d 115, as "the case which most clearly demonstrates defendants' contention" and include the following quotation therefrom as stating "exactly the point that defendants are trying to make": "There is an enormous disparity and conflict in all the testimony as to the land's best use and value, $170,000 or $145,000 [the opinion evidence of condemnee's experts] to $30,700 or $33,200 [the opinion evidence of condemnor's experts], neither of which bears any relation to the commissioners' award of $75,000." 386 S.W.2d at 118–119. But Tighe offers no comfort and affords no support for instant defendants. For the Supreme Court there *affirmed* the trial court's judgment in the sum of $41,500, thus demonstrating not only that the amount awarded by the commissioners is of no relevance in an appellate determination of the sufficiency of the evidence to sustain the assessment of damages upon trial in the circuit court [State ex rel. Kansas City Power & Light Co. v. Campbell, Mo.App., 433 S.W.2d 606, 622 (23)] but also that such assessment properly may be held to have been supported by substantial evidence even though the trier of the facts found damages in a sum neither approximating nor approaching the opinion of any expert witness. Hence, Tighe actually is authority *against* instant defendants' contention and falls into the same general category as Southwestern Bell Telephone Co. v. Jennemann, Mo.App., 407 S.W.2d 85 (where the opinion evidence of condemnee showed damages of $8,300 to $12,000, that of condemnor showed damages of $180 to $500, and the judgment for $4,000 was affirmed), and Union Electric Company v. Simpson, Mo.App., 371 S.W.2d 673 (where the opinion evidence of condemnees showed damages of $5,000 to $7,500, that of condemnor was not recorded in the opinion, and the judgment for $2,000 was affirmed), which said cases are characterized in defendants' brief as "contrary to [their] contention" and "possibly persuasive" but

---

1. State ex rel. State Highway Com'n. v. Eilers, Mo., 406 S.W.2d 567; State ex rel. State Highway Com'n. v. Hamel, Mo., 404 S.W.2d 736; State ex rel. State Highway Com'n. v. Koberna, Mo., 396 S.W.2d 654; Public Water Supply Dist. No. 2 of Jackson County v. Alex Bascom Co., Mo., 370 S.W.2d 281; State ex rel. Chariton River Drainage Dist. v. Montgomery, Mo., 275 S.W.2d 283; State ex rel. State Highway Com'n. v. Hart, Mo. App., 417 S.W.2d 193; Missouri Public Service Co. v. Hunt, Mo.App., 274 S.W. 2d 27; Empire Dist. Elec. Co. v. Johnston, 241 Mo.App. 759, 268 S.W.2d 78.

nevertheless "not [to] be followed" because they are (so counsel assert) "in error" and, being pronouncements of a sister court of appeals, are "not binding" on us.

Instant defendants' position is patently irreconcilable with other judicial holdings not cited in the briefs. In State ex rel. State Highway Com'n. v. Riss, Mo., 432 S.W.2d 193, defendant "landowner's evidence was of minimum damages of $1,342,500" [l. c. 194], plaintiff Commission's expert witness Mrs. Weir testified to "a before-taking value of $463,500 and an after-taking value of $443,000" resulting in damages of $23,500 [l. c. 199], and the jury returned a verdict of $125,000. Upon defendant's appeal, the judgment was affirmed with these statements included in the closing paragraph [l. c. 200]: "We have already concluded that Mrs. Weir's testimony was competent. It is substantial evidence, affording a basis for a verdict considerably less than that actually rendered. We will not disturb the verdict. State ex rel. State Highway Comm. v. Hamel, Mo., 404 S.W.2d 736, 738–739(2–5)." In State ex rel. State Highway Com'n. v. Dockery, Mo., 340 S.W.2d 689, where defendants' evidence tended to show damages of "as much as $49,500" [l. c. 690], plaintiff's opinion evidence of damages from $19,400 to $21,000, *"together with defendants' evidence,* constituted substantial evidence from which a jury reasonably could have found . . . $25,000" [l. c. 695], the amount of the judgment which was affirmed upon defendants' appeal. And in State ex rel. State Highway Com'n. v. Anderson, Mo.App., 367 S.W.2d 809, where the opinion evidence of defendants' expert witnesses showed damages ranging "from $7,325 to $11,000" [l. c. 810],

that of plaintiff's expert witnesses showed "net damage of from $2,100 to $2,300" [l. c. 810], and the jury returned a verdict for $3,775 [l. c. 809], the appellate court on defendants' appeal affirmed the judgment and, in so doing, summarily rejected in this language precisely the same contention as that of instant defendants [l. c. 812]: "Certainly appellants [defendants] cannot seriously contend that the verdict was not supported by substantial evidence by the mere fact that the verdict was approximately $1,000 [actually $1,475] higher than the evidence of respondent [plaintiff], while being approximately $4,000 [actually $3,550] less than the lowest appraisal of the appellants. Surely a jury does not have to return a verdict in the exact amount of the appraisals presented by the landowner or the condemnor." In the case at bar, defendants' evidence indicated damages of $4,000 to $6,000 while plaintiff's opinion evidence ranged from $450 to $650. We have no doubt but that the judgment entered upon the jury verdict for $1,200 was supported by substantial evidence.

In this connection, we observe that the above-cited holdings in condemnation proceedings are consonant with analogous rulings in other categories of cases which rest upon firmly-established principles. It has been said in a variety of situations that opinion evidence is informatory and advisory in nature but in nowise binding upon the jury,[2] whose province it is to determine the credibility and weight thereof,[3] "in keeping with the general rule that a jury may believe all of the testimony of any witness or none of it, or may accept it in part or reject it in part, just as it finds the same to be true or false when considered

---

2. Sunset Acres Motel, Inc. v. Sydney Jacobs Realtors, Mo., 336 S.W.2d 473, 484 (18); In re Proceedings to Open Sixth Street, 276 Mo. 158, 168, 207 S.W. 503, 504(1); Widman Investment Co. v. City of St. Joseph, 191 Mo. 459, 474, 90 S.W. 763, 767(3); Kirst v. Clarkson Construction Co., Mo.App., 395 S.W.2d 487, 494 (10); Proceedings for Condemnation, Etc. v. National Engineering & Mfg. Co., Mo.App., 274 S.W.2d 490, 492(5).

3. Baker v. Brown's Estate, 365 Mo. 1159, 1165, 294 S.W.2d 22, 27(12); State ex rel. Spears v. McCullen, 357 Mo. 686, 693, 210 S.W.2d 68, 72(11); Kimpton v. Spellman, 351 Mo. 674, 684, 173 S.W.2d 886, 892(11); Chapman v. King, Mo. App., 396 S.W.2d 29, 34(6); Cities Service Gas Co. v. Peak, 227 Mo.App. 515, 520, 54 S.W.2d 482, 484(7).

in relation to the other testimony and the facts and circumstances of the case." Baker v. Brown's Estate, 365 Mo. 1159, 1165, 294 S.W.2d 22, 27(13); Kirst v. Clarkson Construction Co., Mo.App., 395 S.W.2d 487, 494. See Wilson v. Motors Insurance Corp., Mo.App., 349 S.W.2d 250, 255(8). And it has been pointed out frequently that a verdict may be responsive to the issue of damages although it does not find an amount in strict accordance with the claim of either party.[4]

Contrary to instant defendants' hereinbefore-quoted premise that "damages can be determined very precisely" in a condemnation proceeding, the truth of the matter, as exemplified by the terms of approximation with which the valuations of defendant Homer and his expert witnesses were qualified and by the gross disparity in the valuations received in evidence, is that "[v]alue and damages in condemnation proceedings are not susceptible of precise proof, and in many cases can only be approximately shown by the opinions of witnesses having the requisite information." Kamo Elec. Co-op. v. Baker, 365 Mo. 814, 820, 287 S.W.2d 858, 863(12). So in this as in most such instances, the triers of the facts were offered a motley, incongruous assortment of views and values. But, as defendants concede, the gross disparity in the opinion evidence furnishes no ground for disturbing the judgment.[5]

Defendant Homer and five expert witnesses, all unchallenged as to testimonial qualifications, submitted before-taking and after-taking valuations of defendants' farm. Additionally, witness Miller, a neighboring farmer, testified for defendants, and witness Neiswonger, the supervising designer of the bridge project under discussion, was called by plaintiff. Each witness testified in detail and was subjected to searching cross-examination. Cf. State ex rel. State Highway Com'n. v. Eilers, Mo., 406 S.W.2d 567, 574. It was the prerogative of the jurors to resolve the evidentiary conflicts as to values and damages [State ex rel. Kansas City Power & Light Co. v. Salmark Home Builders, Inc., Mo., 375 S.W.2d 92, 100(14); State ex rel. State Highway Com'n. v. Dockery, supra, 340 S.W.2d at 695(7); Kansas City v. Thomson, Mo., 208 S.W.2d 216, 220(8)] and, from all of the evidence before them, to determine the just compensation to which defendants were entitled. State ex rel. State Highway Com'n. v. Eilers, supra, 406 S.W.2d at 575; State ex rel. State Highway Com'n. v. Hart, Mo.App., 417 S.W.2d 193, 198. ·Their assessment of damages having been supported by substantial evidence and having been "within the range" of the competent evidence [State ex rel. State Highway Com'n. v. Warner, Mo.App., 361 S.W.2d 159, 161; Empire Dist. Elec. Co. v. Johnston, 241 Mo. App., 759, 768, 268 S.W.2d 78, 84] and "within the limits of the proof" [Public Water Supply Dist. No. 2 of Jackson County v. Alex Bascom Co., Mo., 370 S.W.2d 281, 290(12); State ex rel. State Highway Com'n. v. Ellis, Mo.App., 382 S.W.2d 225, 236–237(26)], and the trial court having denied defendants' motion for new trial "after the exercise of its authority to determine the relative weight of the conflicting evidence" [State ex rel. State Highway Com'n. v. Eilers, supra, 406 S.W.2d at 575(19); State ex rel. State Highway Com'n. v. Hart, supra, 417 S.W.2d at 198], we have no right to reweigh or reevaluate the evidence [Land Clearance for Redevelopment Authority of City of Joplin v.

---

4. Baker v. Brown's Estate, supra note 3, 365 Mo. at 1165, 294 S.W.2d at 27(14) and cases there cited; Glore v. Bone, Mo., 324 S.W.2d 633, 636(5); Miller v. Johnston, Mo.App., 324 S.W.2d 140, 144 (8). See Wilson v. Motors Insurance Corp., Mo.App., 349 S.W.2d 250, 255(8).

5. State ex rel. State Highway Com'n. v. Hamel, supra note 1, 404 S.W.2d at 739 (5); City of St. Louis v. Gerhart Realty Co., 328 Mo. 103, 111, 40 S.W.2d 661, 665(12); State ex rel. Kansas City Power & Light Co. v. Campbell, Mo.App., 433 S.W.2d 606, 621; Empire Dist. Elec. Co. v. Johnston, supra note 1, 241 Mo. App. at 768, 268 S.W.2d at 83(8).

Joplin Union Depot Co., Mo.App., 429 S.W. 2d 806, 814(17), and cases there cited] or to disturb the judgment. State ex rel. State Highway Com'n. v. Hamel, supra, 404 S.W. 2d at 738–739(2–5).

The judgment is affirmed.

HOGAN, P. J., and TITUS, J., concur.