STATE of Missouri ex rel., MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Respondent,

v.

UNION TERMINAL RAILWAY CO., Appellant.

No. 32851.

Missouri Court of Appeals, Western District.

March 2, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied May 4, 1982.

Charles S. Wilcox, St. Joseph, for appellant.

Bruce A. Ring, Chief Counsel, Earl H. Schrader, Jr., and Terry P. Thompson, Asst. Counsel, Kansas City, for respondent.

Before NUGENT, P. J., and TURNAGE and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

Defendant-appellant Union Terminal Railway Company (now Missouri Pacific Railway Company) appeals from a jury verdict awarding the railway company $37,500 damages in an eminent domain action, contending (1) the award was inadequate and not based on substantial evidence; (2) the award did not fall within the range of evidence submitted and was lower than the state's own evidence; and (3) counsel for the state judicially admitted damages in excess of those returned by the jury.

The State of Missouri, on behalf of the State Highway Commission of Missouri (now plaintiff-respondent Missouri Highway and Transportation Commission) filed a petition in condemnation in the Circuit Court of Buchanan County, Missouri on May 2, 1973. The petition sought to acquire certain easements and real property owned by three defendants—the Railway Compa-

ny, C. K. Winston, and Martin Outdoor of Missouri. *See* §§ 226.240, 523.010, RSMo 1978.[1]

The report of the commissioners appointed by the circuit court awarded $58,663 in unapportioned damages to the three defendants. *See* § 523.040. The state then filed exceptions in the circuit court, requesting a jury determination of the damages (*see* §§ 523.050, 523.060), and the railway company moved to apportion the damages between the three defendants (*see* § 523.053.1). On December 23, 1974, the trial court ordered $55,363 to the railway company, $3,000 to C. K. Winston and $300 to Martin Outdoor.

Pursuant to the state's exceptions, the cause was tried before a jury on May 14–15, 1981. At trial, both the state and the railway company presented two expert witnesses. These witnesses testified to the value of the property in question and the values of the various improvements on the land (and consequent damages to the property after the taking).[2] There was conflicting testimony as to the value of the land both before and after the taking of the property, based mostly on a debate as to the desirability of the land for industrial growth (due to potential difficulties with the accreted ground, the several easements on the land and the ready access to the land). Only the railway company (appellant) appealed the verdict.

The primary issue on this appeal surrounds the appraisals of the state's first witness, James Fern. Mr. Fern testified that the value of the land immediately *before* the taking was $192,000, and the value immediately *after* the taking was $155,000.

He then stated that the total damages, *i.e.* the value of the property taken, totalled $37,600. The correct difference, being the total damages, between the before and after valuations should be $37,000. However, no one during the trial caught this miscalculation; in fact, both parties' counsel compounded the error by referring to the $37,-600 figure in their respective closing arguments. What makes this miscalculation problematic is that the $37,600 damage figure was the lowest among the four appraisers called to testify, and the jury returned a verdict $100 less than that figure.[3] The crux of appellant's first two points is that because the jury award was less than any figure directly testified to at trial, that award cannot stand.

Appellant cites to *State ex rel. State Highway Commission v. Kemper*, 542 S.W.2d 798, 804 (Mo.App.1976) where the court stated that:

> [I]n accord with the general rule in other forms of litigation, when the condemnor introduces evidence of damages he is bound by his own evidence ... *a judgment is within the range of all of the evidence if it* does not exceed an amount in excess of the highest amount of damages which the evidence will sustain and *is not below the lowest amount shown by the party who does not have the burden of proof.* [Emphasis added, citations omitted].

In the instant case, the state was the party who *did not* have the burden of proof, as the burden is on the landowner to prove the extent of his damages in a condemnation proceeding. *State ex rel. State Highway Commission v. Cady*, 372 S.W.2d 639,

---

1. All references are to RSMo 1978.

2. The property in question was a 12.4 acre plot of land along the Missouri River in St. Joseph, Missouri. The land had primarily been used for railroad purposes, and contained several railroad tracks running through the property. In addition, there were several buildings on the land and a billboard, as well as an aerial easement for a power line, a sewer easement and a gas line easement. Because the land was in the river bottom, at least one third of the land was accreted ground.

3. The railway company's first witness testified that the value of the land *before* its taking was $332,550 and $257,600 *after* the taking, for a difference of $74,950. The second witness' appraisal was $302,500 prior and $242,500 subsequent, for a difference of $60,000. The state's second witness appraised the land at $140,000 prior and $100,000 subsequent, for a difference of $40,000.

640 (Mo.App.1963). Thus, appellant contends the trial court erred in entering judgment on a verdict of $37,500, as it was below the lowest amount shown by the state.

The difficulty with appellant's contention is that it imputes the subtraction error of Mr. Fern and the counsel for both parties to the jury, and presumes that the jury did not follow the instructions given to them. The trial court instructed the jury pursuant to MAI 9.02, which provides:

*You must award defendant such sum as you believe was the difference between the fair market value* of defendant's whole property *immediately before the taking* on January 17, 1974 *and* the value of defendants' remaining property *immediately after such taking,* which difference in value is the direct result of the taking and of the uses which plaintiff has the right to make of the property taken. [Emphasis added.]

*See also Citizens Electric Corp. v. Amberger,* 591 S.W.2d 736, 738 (Mo.App.1979); *State ex rel. State Highway Commission v. Wilcox,* 535 S.W.2d 131, 132 (Mo.App.1976).

■ Both the case law and the instructions applicable here leave it up to *the jury* to determine the difference in the values of the land before and after its taking. The instructions provide that each juror must determine the amount of the award *"as you believe* was the difference ...." [Emphasis added.] The *Kemper* case, cited by appellant, further provides that *the jury* must make the factual determination as to what damages are allowable:

The "opinion evidence is informatory and advisory in nature but in no way binding upon the jury, whose province it is to determine the credibility and weight thereof, 'in keeping with the general rule that a jury may believe all of the testimony of any witness or none of it, or may accept it in part or reject it in part, just as it finds the same to be true or false when considered in relation to the other testimony and the facts and circumstanc-

es of the case.' ... And it has been pointed out frequently that a *verdict may be responsive to the issue of damages although it does not find an amount in strict accordance with the claim of either party."*

542 S.W.2d at 803 (quoting from *State ex rel. State Highway Commission v. Grissom,* 439 S.W.2d 13, 17 (Mo.App.1969). [Emphasis added.]

■ The evidence as presented would have allowed the jury to consider the fair market value of the land here to be $192,-000 before and $155,000 after its taking. The jury was at liberty to go as low as $37,000 in its determination of the damages, regardless of the comments of the witnesses or counsel based on their own incorrect mathematics. Thus the award of $37,500 was within the "range of evidence" available to the jury. Appellant's first two points are therefore denied.[4]

■ Appellant's last point is that the state's counsel's comments in closing argument urging to the jury to award the sum of $37,600 because "I think [Mr. Fern's] damages are accurate" and "I think $37,600 is all the state should have to expend for that, and I hope you agree with me," are judicial admissions, binding on the state. It is clear that state's counsel's remarks here were not judicial admissions.

State's counsel's comments here were not clear and unequivocal admissions that the state owed appellant $37,600, nor did they "concede the truth of some alleged fact." *See Thornton v. Rowlett,* 613 S.W.2d 177, 179 (Mo.App.1981); *May v. May,* 294 S.W.2d 627, 634 (Mo.App.1956). On the contrary, state's counsel's remarks were no more than mere requests to the jury. His imploration that the jury agree with him indicated his recognition that the jurors were still the final arbiters of the facts. Moreover, MAI 2.01, given by the court, tells the jurors that closing argument is not evidence and 2.02 reminds the jurors that they are the fact finders.

4. The fact that the jury did not award the $37,600 figure but instead awarded $37,500

makes it at least arguable that the jury in fact made its own determination of the damages.

The evidence in this case would support a verdict of anywhere between $37,000 and $74,950. The jury's award of $37,500 was within the range of competent evidence, is supported by substantial evidence and will not be disturbed. *State ex rel. State Highway Commission v. Grissom, supra* at 17.

The judgment of the trial court is affirmed.